OPINION OF THE COURT
GREENBERG, Circuit Judge.
This matter comes on before the Court on an appeal brought by John Hyland in this action that Hyland brought against his former employer, American General Life Companies, L.L.C., a wholly-owned subsidiary of American International Group, Inc. In his complaint Hyland charged that American General terminated his employment by reason of his age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., and the New Jersey Law Against Discrimination, N.J. Stat. Ann. § 10:5-1 et seq. (West 2002). The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. After discovery American General moved for summary judgment and the District Court granted the motion by an opinion and order dated September 12, 2008, entered September 17, 2008, 2008 WL 4308219. Hyland then appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review on this appeal and thus can affirm only “if the pleadings, de *367 positions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that [American General] is entitled to a judgment as a matter of law.” Fed.R.Civ.P. 56(c); see Santos ex rel. Beato v. United States, 559 F.3d 189, 193 (3d Cir.2009).
The basic facts in this case in an overview sense are not in dispute. Hyland is an attorney at law whom American General or its predecessor employed in a legal position from 1989, when he graduated from law school, until August 2005 when American General terminated his employment when he was 56 years old by eliminating his position at the time of a reorganization of its employment structure. Though Hyland indicates that he “was terminated as part of an overall reorganization and/or reduction in force,” he contends that “this so-called reorganization was actually an attempt to get rid of one older employee,” i.e., him. Appellant’s br. at 19.
Hyland contends that American General replaced him with Timothy Bolden who is about nine years younger than he is. In Duffy v. Paper Magic Group, Inc., 265 F.3d 163, 167 (3d Cir.2001), we indicated that one of the elements of a prima facie case in an age discrimination action predicated on indirect evidence is that the person ultimately replacing the plaintiff be sufficiently younger than the plaintiff so that an inference of age discrimination can be drawn from the replacement. The difference in age between Hyland and Bolden satisfies that criterion.
Notwithstanding the difference in ages between Hyland and Bolden, the District Court held that a reasonable fact finder could not conclude that Bolden had replaced Hyland and thus Hyland did not make out a prima facie case of discrimination. In this regard, the record shows that Hyland served in the position of Senior Attorney but that American General appointed Bolden to fill a new position as Associate General Counsel. Of course, an employer does not ensure that one position will be considered to have replaced another simply by changing the title of the original position. Here, however, as Associate General Counsel Bolden performed functions that Hyland had not performed but did not perform duties that Hyland had performed. Though there was some overlap between Hyland’s and Bolden’s duties the difference between their positions was so significant that a reasonable trier of the fact cannot say that the differences in their positions was simply cosmetic. In considering the two positions it is highly significant that Bolden’s gross salary was almost $55,000 higher than Hy-land’s, making it very difficult to conclude that Bolden replaced Hyland. See Monaco v. American General Assurance Co., 359 F.3d 296, 305 (3d Cir.2004). In fact, after American General terminated Hy-land it divided his responsibilities among various employees, some older and some younger than Hyland. In the circumstances, we agree with the District Court that Hyland did not establish a prima facie case and thus his case had to fail.
We realize that at a November or December 2004, staff meeting Marc Her-ling, Hyland’s direct supervisor and the prime mover in the reorganization that resulted in Hyland’s termination referred to Hyland as the “old man” of the operation. But the District Court believed that this stray remark made ten months before Hyland’s termination could not support an inference of age discrimination underlying Hyland’s termination and we agree. See Fuentes v. Perskie, 32 F.3d 759, 767 (3d Cir.1994). We do not think that a single remark that might reflect the declarant’s recognition of an employee’s age in a context unrelated to the employee’s termi *368 nation is sufficient evidence to support a prima facie case of age discrimination based on direct evidence at the time that the employer later terminates the employee. After all, whether or not a supervisor makes reference to an employee’s age it is likely that he will have some concept of it. In any event, it would be unfortunate if the courts forced the adoption of an employment culture that required everyone in the structure to be careful so that every remark made every day passes the employment equivalent of being politically correct lest it be used later against the employer in litigation.
We can understand why Hyland believes that American General treated him unfairly though we, of course, express no view on that possibility. Nevertheless, it is necessary to remember that the age discrimination laws are not intended to remedy all of the possible wrongful adverse employment decisions by an employer and the law surely should not be used to impede an employer’s effort to organize its business as it deems fit so long as the employer in doing so does not violate employment age discrimination restrictions. See Gray v. York Newspapers, Inc., 957 F.2d 1070, 1088 (3d Cir.1992) (“[T]he ADEA is a discrimination statute and is not intended to handcuff the management and owners of businesses to the status quo”).
For the foregoing reasons as well as for the reasons that District Court set forth in its opinion dated September 12, 2008, we will affirm the order for summary judgment dated September 12, 2008, entered September 17, 2008.